The opinion of the Court was delivered by
MüNro, J.
The ground for a non-suit is, that the plaintiffs’ cause of action was barred by the Statute of Limitations.
To determine this, it is necessary to look, 1. To the character of the instrument sued on; 2. To the time when the plaintiffs’ cause of action accrued.
The instrument sued on is declared upon its face to be a continuing guaranty, and that it is to remain of force till revoked by written notice to the president or cashier of said bank.
It appears, from the circuit report, that the guaranty was *547 accepted by tbe plaintiffs on tbe 28tb of October, 1847, from wbicb time, and upon tbe faitb of which, Glovers & Davis procured from tbe plaintiffs extensive accommodations; all of wbicb appears to bave been promptly met by them up to tbe period of tbeir failure in 1852, when they failed to pay tbe notes, wbicb tbe plaintiffs are now seeking to recover, under tbe defendant’s guaranty. Cbitty, in bis Treatise on Contracts, page 435, defines a contract of guaranty to be, “A collateral engagement to answer for tbe debt, default, or miscarriage of another, as distinguisbed from an original agreement, for tbe party’s own act. It is therefore of tbe essence of this contract, that there must be some one liable as principal, and accordingly, when one party agrees to become responsible for another, tbe former incurs no obligation as surety, if no valid claim ever arises against tbe principal; whilst on tbe other band, tbe liability of tbe surety upon a claim wbicb is good as against tbe principal, ceases so soon as such claim is extinguished.”
It is argued, that tbe Statute of Limitations commenced to run from tbe time tbe guaranty was accepted by tbe plaintiffs. But it is obvious, that such a position can only be sustained by confounding tbe collateral undertaking of a surety for tbe debt, or default of bis principal, with an original undertaking for bis own act; for until tbe plaintiffs were damnified by Glovers & Davis’ failure to meet tbeir engagements at maturity, it is clear that tbe plaintiffs bad no right of action, even as against tbe principals, much less against tbe defendant as tbeir surety, — so that in no point of view can tbe defence of tbe Statute be sustained; for no principle is better established than this — that tbe Statute of Limitations does not begin to operate from tbe time when a contract is actually made, unless a full and complete cause of action instantly accrue thereon ;(a) and again, “ In case of a contract *548 of indemnity the Statute does not apply, until the lapse of four years from the actual damnification.”(a)
The ground for a new trial charges error in instructing the jury, that the bank was not bound to notify the defendant of the default in payment by Grlovers & Davis.
The position here assumed is, that the want of notice of default in payment by the principal, is a virtual abandonment of recourse against the surety, upon the principle applicable to negotiable instruments.
But it is clear, that the analogy does not hold good, for in no sense of the term is a guaranty, such as the one in question, a negotiable instrument; on the contrary, the legal relation that is created, between the principal and the maker, by this species of contract, is that of principal and surety; so that the guarantor stands upon the footing of any other surety, and is therefore only entitled to notice, when he may be prejudiced by the want of it; See 3 Kent’s Com. 166, where, in treating of guaranties, the rule is thus stated: "The rule is not so strict as in the case of mere negotiable paper, and the neglect to give notice must have produced some loss, or prejudice to the guarantor;” See also, Chitty on Bills, 324; Story on Bills, 302, 372; 7 Peters, R. 113; Bank vs. Hammond, 1 Rich. 281.
The motions for a non-suit, and for a new trial are therefore dismissed.
O’Neall, Wardlaw and Withers, JJ., concurred.

Motions dismissed.

(a) Angell on Lim., p. 181; Chitt. on Con., 708 ; 2 Rich., 113.

(a) Chitt. on Con., 709 ; Burge on Suretyship, 272.